818 F.2d 861
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John H. MUDD, Plaintiff-Appellant,
v.
David GARRAGHTY, Warden, Defendant-Appellee.
 No.87-7503.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 14, 1987.
Decided May 12, 1987.
 
 Before RUSSELL, SPROUSE AND CHAPMAN, Circuit Judges.
 John H. Mudd, appellant pro se.
 PER CURIAM:
 
 
 1
 John H. Mudd, a Virginia inmate, seeks to appeal from the district court's dismissal without prejudice of his civil rights complaint.
 
 
 2
 Mudd instituted this action on August 1, 1986, and requested leave to proceed in forma pauperis. At the court's request, the Virginia Department of Corrections furnished a record of Smith's inmate trust fund. Pursuant to Evans v. Croom, 650 F.2d 521 (4th Cir. 1981), cert. denied, 454 U.S. 1153 (1982), the court on September 19, 1986, ordered Mudd to pay a partial filing fee of $16.50 or present any special circumstances which would justify a different payment or no payment at all.
 
 
 3
 Mudd responded with a document which alleged that Nottoway Correctional Center Warden David Garraghty had fired Mudd in order to prevent Mudd from being able to pay the partial filing fee. In an October 24, 1986, order, the district court stated that it would treat Mudd's allegation as an additional claim in Mudd's action. The district court stated however, that Mudd's allegation did not excuse Mudd from paying a partial filing fee. Accordingly, the court directed Mudd to pay the partial filing fee by November 23, 1986. On December 5, 1986, the district court, having received no response from Mudd, dismissed the action without prejudice.
 
 
 4
 The partial filing fee assessed by the district court was based on the record of deposits made to Mudd's inmate trust account in the six months preceding the submission of his complaint. According to his own allegations, Mudd's firing occurred after the filing of the complaint. Therefore, the alleged firing did not affect the amount of monies deposited in Mudd's account. Accordingly, the district court correctly determined that Mudd's firing should not alter the amount of the filing fee assessed.
 
 
 5
 As the fee assessment procedure followed by the district court comported with the system approved in Evan v. Croom, we deny leave to proceed in forma pauperis and dismiss the appeal. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 DISMISSED.